UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TRISTA C. MULVANEY, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-cv-677-MHT |
| | ) | |
| DENNIS MEEKS, | ) | **DEMAND FOR JURY TRIAL** |
|     DEFENDANT, | ) | |
| | ) | |
| PRESTON HUGES, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| JEFFREY REASONS, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| SOUTHERN HEALTH PARTNERS, INC., | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| COVINGTON COUNTY, ALABAMA | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| COVNINGTON COUNTY COMMISSIONERS, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| LINDA BENSON, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| LINDA POUNCEY, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| LAURA HUDSON, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| STACEY BEDSOLE, | ) | |
|     DEFENDANT, | ) | |
| | ) | |
| DIANE WILSON, | ) | |

1

|  |  |
|---|---|
| DEFENDANT, | ) |
|  | ) |
| ANNETTE KANE, | ) |
| DEFENDANT. |  |

## COMPLAINT

Comes now Plaintiff, Trista C. Mulvaney, by and through her attorney of record, Minerva C. Dowben, and for her cause of action alleges:

1. Plaintiff, Trista C. Mulvaney, is a citizen of the United States and of the State of Alabama, in the City of Andalusia, County of Covington.

2. Defendant Covington County is a political subdivision of the State of Alabama duly organized as a county possessing the corporate power to sue and be sued. Its principal office is in Andalusia, Alabama.

3. Covington County is vested with the government, management and funding of the Covington County Jail and including the supervision and protection of the inmates/detainees within the jail.

4. Defendants, Bill Godwin, Kenneth Northey, Joe Barton, Harold Elmore, and Carl Turman are the elected members of the Covington County Board of Commissioners having residences in Covington County and offices at the Covington County Office Building. The Defendants, Covington County Commissioners: Bill Godwin, Kenneth Northey, Joe Barton, Harold Elmore and Carl Turman are sued in their individual capacities.

5. At all times relevant to this action the Covington County Board of Commissioners were responsible for the funding of the Covington County Jail, including the funding for medical care at the Covington County Jail.

2

6. At all times relevant to this action the Defendants, Dennis Meeks and Preston Hughes were responsible for the administration of Covington County Jail in a safe and proficient manner.

7. Defendant, Preston Hughes, is an individual who, at all times relevant to this action was employed as Jail Administrator of the County of Covington and was responsible for the supervision and administration of the Covington County Jail, and at all times relevant to this action was acting in that capacity and under color of state law. Preston Hughes is being sued in his individual capacity.

8. Defendant, Dennis Meeks, is an individual who, at all times relevant to this action was elected as Sheriff of the County of Covington and was responsible for the supervision and administration of the Covington County Jail, and at all times relevant to this action was acting in that capacity and under color of state law. Dennis Meeks is being sued in his individual capacity.

9. Defendant, Linda Benson "Benson" Covington County, is an individual who at all times relevant to this action, was employed by the County of Covington as an Administrator Sgt., and Court Liaison Corrections Officer and at all times relevant to this action acted in that capacity and under color of state law. Linda Benson is being sued in her individual capacity.

10. Defendant, Linda Pouncey "Pouncey", is an individual who at all times relevant to this action, was employed by the County of Covington as a Corrections Officer and at all times relevant to this action acted in that capacity and under color of state law. Linda Pouncey is being sued in her individual capacity.

11. Defendant, Laura Hudson "Hudson", is an individual who at all times relevant to this action, was employed by the County of Covington as a Corrections Officer and at all times relevant to this action acted in that capacity and under color of state law. Laura Hudson is being sued in her individual capacity.

12. Defendant, Stacey Bedsole "Bedsole", is an individual who at all times relevant to this action, was employed by the County of Covington as a Corrections Officer and at all times relevant to this action acted in that capacity and under color of state law. Stacey Bedsole is being sued in her individual capacity.

13. Defendant, Diane Wilson, is an individual citizen who at all times relevant to this action, was employed by Southern Health Partners as a nurse and at all times relevant to this action acted in that capacity and under color of state law. Diane Wilson is being sued in her individual capacity.

14. Defendant, Annette Kane, is an individual citizen who at all times relevant to this action, was employed by Southern Health Partners as a nurse and at all times relevant to this action acted in that capacity and under color of state law.

15. Defendant, Jeffrey A. Reasons, is the Chief Executive Officer for Southern Health Partners, Inc. is an individual citizen of the State of Tennessee, his principal place of business is located at Chattanooga, TN 37412. Jeffrey Reasons who at all times relevant to this action acted in that capacity and under color of state law.

16. Defendant, Southern Health Partners, Inc. is a private for-profit corporation and has its incorporation in the State of Delaware, residing at in the City of Newark, County of Essex. Southern Health Partners, Inc., who at all times relevant to this action, has an

active contract with the County of Covington to provide health services to inmates/detainees and acted in that capacity.

17. Southern Health Partners, Inc. has employed as registered agent for service The Corporation Company, residing in Montgomery, Alabama. Defendant, Southern Health Partners, Inc. is being sued in its individual capacities.

## JURISDICTION

18. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343. The amount in controversy exceeds Seventy-Five Thousand ($75,000.000) dollars exclusive of interest and costs.

19. The claims for relief and causes of action alleged in this complaint arise under the Civil Rights Act of 1861, 1970, and 1871, 42 U.S.C. §§1983, 1985 and 1988, and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.

20. The various acts, omissions, and conspiracies alleged in this complaint were engaged in and carried out by, between and among the individual defendants while such defendants were employed as members of the Covington County Board of Commissioners, the Corrections Department of Covington County, officials of the Covington County Jail, and employees of Southern Health Partners, Inc. All of the various acts, actions, and conspiracies alleged in this complaint were engaged in and carried out by, between and among individual defendants, under color of state law.

**[INTENTIONALLY LEFT BLANK]**

## FACTS

21. On August 23, 2011, the Plaintiff Mulvaney was arrested and charged with Unlawful Possession of a Controlled Substance, Unlawful Possession of Drug Paraphernalia, Improper Lane Change, and Driving Under the Influence of a Controlled Substance.

22. September 6, 2011, the Plaintiff, Trista C. Mulvaney "Mulvaney", was pled guilty to Alabama Code §13A-12-214, for Unlawful Possession of Marihuana in the Second Degree a class A misdemeanor.

23. On September 6, 2011, Parole Officer Jeff Jeter, had observed Plaintiff Mulvaney in the Covington County Courthouse and he suspected that Mulvaney was under the influence of intoxicating substance due to her slurred speech and entering the men's restroom.

24. This incident constituted a material breach of the mandatory conditions of Plaintiff Mulvaney's release on bond.

25. And on September 8, 2011, Judge Frank L. McGuire, III District Judge of Covington County issued an order revoking Plaintiff Mulvaney's bond and that she be served with a warrant for arrest. Plaintiff Mulvaney was to be brought before District Judge McGuire's Court within seventy-two (72) hours after her arrest.

26. On September 13, 2011, the Plaintiff Mulvaney met with her probation officer. At this meeting, the probation officer notified Plaintiff Mulvaney that her bond had been revoked and she was transported to Covington County Jail.

27. Upon arrival at the Covington County Jail, the Plaintiff Mulvaney was placed in a cell with other detainees. Within hours of Plaintiff Mulvaney's arrival at the Covington County Jail, the Plaintiff Mulvaney began screaming, hallucinating, and acting in such a

manner that other detainees asked that Correction Officers provide medical treatment to Plaintiff Mulvaney.

28. Plaintiff Mulvaney's erratic and strange behavior included undressing from all of her clothing, urinating, and defecating on herself. Urinating and defecating in various places in her Covington County Jail cell, she did not include a toilet. Other detainees had observed urine running outside of her Covington County Jail Cell.

29. From September 13, 2011 until September 18, 2011, Plaintiff Mulvaney had refused to eat or drink.

30. Detainees/inmates had heard Plaintiff Mulvaney screaming throughout the day and night.

31. Detainees/inmates had observed Plaintiff Mulvaney sitting naked on her Covington County sink.

32. Covington County Corrections Officers Linda Benson, Linda Pouncey, Laura Hudson, Stacey Bedsole and Southern Health Employees Diane Wilson and Annette Kane knew of Plaintiff Trista Mulvaney's psychiatric distress, were aware that she was refusing to eat or drink and that Mulvaney's conduct was jeopardizing her health and life.

33. Covington County Corrections Officers and Southern Health employees ignored other inmates/detainees request that Plaintiff Mulvaney receive medical treatment with deliberate indifference.

34. Correction Officer Stacey Bedsole had expressed concern for Plaintiff Mulvaney that she attempted to have Mulvaney eat a candy bar and a drink, however, Plaintiff Mulvaney was physically unable to consume any food.

7

35. On September 18, 2011, Correction Officers had ordered two detainees to wash Plaintiff Mulvaney, who was still experiencing erratic and strange behavior. Plaintiff Mulvaney had dried urine and feces in her hair, body, urinary tract, rectum, arms, and legs.

36. After detainees had helped to wash Plaintiff Mulvaney. The detainees had placed Plaintiff Mulvaney in the same Covington County bed that she had occupied earlier.

37. During Plaintiff Mulvaney's incarceration at the Covington County Jail, Southern Health Partners employees Annette Kane and Diane Wilson refused to see or treat Plaintiff Mulvaney. Annette Kane and Diane Wilson also did not recommend or issue an order that Plaintiff Mulvaney should be seen by an off-site Southern Health Partner physician, as stated in Health Services Agreement, clause 1.2.

38. That Covington County Corrections Officer Stacey Bedsole had been observing Plaintiff Mulvaney on her television monitor. Plaintiff Mulvaney was seen falling from her Covington County Jail bed onto the floor. Plaintiff Mulvaney right eye was lacerated.

39. Plaintiff Mulvaney was transported unconscious to Andalusia Regional Hospital, while at this hospital Mulvaney's eye laceration was sutured.

40. Due to the severity of Plaintiff Mulvaney's condition, she was transferred to Southeast Alabama Medical Center, Dothan Alabama for treatment.

41. While at Southeast Alabama Medical Center, an MRI revealed that Plaintiff Mulvaney paracentral disc protrusions to her C5-C6 and C6-C7, and she was treated for a urinary tract infection. It was also noted that Plaintiff Mulvaney had been experiencing a series of seizures.

42. Plaintiff Mulvaney was admitted into the intensive care unit where she was unconscious for approximately three days.

8

43. That on March 17, 2005, Covington County, Alabama entered into a "Health Services Agreement" contract with Southern Health Partners, Inc., whereby Southern Health Partners will provide medical and dental services to inmates under the custody and control of Covington County Jail. This Health Services Agreement was signed between Covington County Chairman, Greg B. White and Jeffrey A. Reasons, CEO of Southern Health Partners, Inc., See Exhibit # 1.

44. Under the Health Services Agreement, the Sheriff, Dennis Meeks, and Covington County with the approval of the County Board of Commissioners for the Jail agree to provide funding to Southern Health Partners for the medical and dental care of inmates/detainees.

45. Under the Health Services Agreement, the Covington County is charged by law with the responsibility for obtaining and providing reasonably necessary medical care for inmates/detainees of Covington County Jail facilities located at 290 Hillcrest Drive, Andalusia, Alabama 36420, Covington County.

46. Under the Health Services Agreement clause 9.10 "Liaison. The Covington County Sheriff or his designee shall serve as the liaison with SHP.

## LEGAL CLAIMS

### COUNT I

47. Deliberate Indifference to Serious Medical Needs. Defendants, Linda Benson, Linda Pouncy, Laura Hudson, Stacey Bedsole, Dianne Wilson, and Annette Kane each defendant knew of Plaintiff, Trista Mulvaney's serious medical needs and failed to provide medical care and acted with deliberate indifference to her serious medical condition.

48. Covington County Correction Officers had observed Plaintiff Mulvaney's erratic and strange behavior this erratic and strange behavior on their Covington County Monitors. Plaintiff Mulvaney's' behavior included undressing from all clothing, urinating and defecating on herself. Urinating and defecating in various places of her Covington County Jail cell, she did not use a toilet. Detainees told Covington County Correction Officers that they had observed urine running out of Plaintiff Mulvaney's cell.

49. From September 13, 2011 until September 18, 2011, Plaintiff Mulvaney had refused to eat or drink and could not sleep. Detainees and inmates could hear Plaintiff Mulvaney screaming throughout the night and day.

50. That Covington County Correction Officers, Southern Health Partners' Employees, Meeks, Hughes, Reasons, Covington County, Covington County Commissioners could all reasonably be aware from their common sense and prisoner complaints that such medically cost cutting measures resulted in the denial of constitutionally required medical care for detainees such as Plaintiff Mulvaney.

51. During Plaintiff Mulvaney's detention she began experiencing seizures and that Correction Officers, Benson, Pouncey, Hudson and Bedsole and Southern Health Partner employees were deliberately indifferent to her serious medical need for health care.

52. During Plaintiff Mulvaney's detention her serious medical needs were ignored because of the customs or policies to delay medical treatment of inmates/detainees in order to reduce medical costs associated with the Covington County Jail, which Dennis Meeks, Preston Hughes, Jeffrey Reasons, Annette Kane, Diane Wilson, Covington County, Covington County Commissioners were aware.

53. That Southern Health Partners, Inc. has a history of denying and delaying medical treatment to detainees and inmates which reduces their medical costs associated at the jails where they have contracts to provide medical and dental services to detainees/inmates.

54. Defendants, Covington County Corrections Officers Linda Benson, Linda Pouncey, Laura Hudson, Stacey Bedsole, and Southern Health Partners employees Diane Wilson and Annette Kane all had knowledge of Plaintiff's medical needs, and with deliberate indifference to such medical needs, had acted or had failed to act in such a way as to deprive Plaintiff Mulvaney of necessary and adequate medical care thus endangering the Plaintiff's health and well-being. Such acts and omissions of the Defendants had violated rights secured to the Plaintiff Mulvaney under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.

55. Defendants Covington County Corrections Officers Linda Benson, Linda Pouncey, Laura Hudson, Stacey Bedsole, and Southern Health Partners Diane Wilson and Annette Kane failed to be instructed, supervised and have implemented a training policy to provide medical care to inmates/detainees that require immediate medical treatment for seizures, and behavior that amounts to strange or erratic when the detainee has no concept of day, time, place, person and reality.

56. Defendants, Dennis Meeks, Preston Hughes, Jeffrey Reasons, Southern Health Partners, Inc., Covington County Commissioners and Covington County had established a deliberately indifferent customs or policies concerning inmate medical care, including but not limited to, a custom or policy of delaying or denying necessary medical treatment in order to avoid liability for prisoner medical bills and reduce medical costs to the Covington County Jail.

57. Defendants, Dennis Meeks, Preston Hughes, Covington County, Covington County Commissioners, Jeffrey Reasons, and Southern Health Partners had failed to instruct, supervise, and implement a training policy to their Correction Officers to provide medical care to inmates/detainees such as Plaintiff Mulvaney that require immediate medical treatment for seizures and behavior that amounts to strange or erratic when the detainee has no concept of day, time, place, person, and reality.

58. Defendants Meeks, Hughes, Covington County, Covington County Commissioners, Jeffrey Reasons and Southern Health Partners had failed to instruct supervise and train their employees and agents to assure delivery of medical care to Plaintiff Mulvaney which is consistent with the standards of medical care in the State of Alabama as a whole.

59. Defendants Jeffrey Reasons and Southern Health Partners are jointly, severally vicariously liable for the actions of their employees under the theory of respondent superior.

60. It was necessary for Defendants, Dennis Meeks and Preston Hughes to order that Correction Officers cooperate with Southern Health Partners' employees in controlling medical costs for detainees and inmates. That this cooperation has resulted in Covington County Correction Officers delaying or denying medical treatment to inmates/detainees that had reached the level of negligence, recklessness and intentionally harming Plaintiff Mulvaney.

61. That this cooperation of Covington County Corrections Officers Linda Benson, Linda Pouncey, Laura Hudson, and Stacey Bedsole had delayed or denied medical treatment to Plaintiff Mulvaney due to Southern Health Partners employees refusing to medically care for Plaintiff.

62. That Defendants, Dennis Meeks, Preston Hughes, Jeffrey Reasons, Covington County, Covington County Commissioners and Southern Health Partners were aware of the consequences to inmates/detainees of using Southern Health as a medical provider.

63. Southern Health had claimed to provide Alabama Counties with a measureable opportunity to reduce health care costs to their jails. This reduction in health care costs can lead to the delaying or denying of serious medical needs such as Plaintiff Mulvaney experienced.

64. That Defendants Southern Health Partners have a long history of denying constitutionally-required medical care for inmates/detainees with serious medical needs such as Plaintiff Mulvaney.

65. Defendants Dennis Meeks, Preston Hughes, Jeffrey Reasons, Southern Health Partners, Covington County, Covington County Commissioners were also part of an explicit or implicit agreement their plan was to delay or deny necessary medical care to inmates/detainees needing medical care in order to avoid having to pay medical treatment to giving Covington County/Covington County Officials time to release Plaintiff Mulvaney from custody before she could receive medical treatment. This policy or custom created a substantial risk of serious harm and inflicted unnecessary pain and suffering on Plaintiff Mulvaney.

66. Defendants Dennis Meeks, Preston Hughes, Jeffrey Reasons, Southern Health Partners, Covington County, Covington County Commissioners all were aware of the cost control measures implemented at the Covington County Jail by Southern Health Partners would result in a denial of constitutionally-required medical care for inmates/detainees with serious medical needs such as Plaintiff Mulvaney.

67. Defendant Jeffrey Reasons had negotiated the contract between Southern Health Partners and Covington County Commissioners. Southern Health Partners succeeds in cost cutting measures by providing constitutionally inadequate medical care by implementing severe cost control measures, which will result in unnecessary inmate/detainee suffering such as Plaintiff Mulvaney experienced while she was detained in the Covington County Jail.

68. Covington County, Covington County Commissioners, Dennis Meeks, Preston Hughes reliance has been on Southern Health Partners to provide medical malpractice insurance policy to a detainee such as Plaintiff Mulvaney was injured by the constitutionally denial of medical care. See Health Services Contract clause 2.5.

69. That all Defendants named in this complaint their actions or omissions were committed in the furtherance of the Health Services Agreement between Covington County, Covington County Commissioners, Covington County Jail, Jeffrey Reasons, and Southern Health Partners under color of law and pursuant to policies, customs, practices, rules, regulations, ordinances, statutes, and usages of the State of Alabama.

70. Plaintiff Mulvaney has had no adequate and sufficient remedy at law with which to address the wrongs alleged in this complaint and will continue to suffer irreparable injury from the conduct of Defendants unless she is granted the equitable relief prayed for.

71. As a direct and proximate result of the above described actions, omissions of Defendants named in this complaint, Plaintiff Mulvaney has suffered general damages in amounts excess of Seventy-Five Thousand ($75,000.00) dollars, exclusive of interest and costs, the exact amounts of which will be proven at trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Mulvaney prays for relief as follows:

(1) That the Court determine and enter judgment declaring that the acts and omissions of the Defendants Dennis Meeks, Preston Hughes, Jeffrey Reasons, Southern Health Partners, Covington County, Covington County Commissioners, Linda Benson, Linda Pouncey, Laura Hudson, Stacey Bedsole, Diane Wilson and Annette Kane be jointly and severally responsible for the violated rights secured to Plaintiff Mulvaney under the Civil Rights Act of §§1983, 1985, and 1988, First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.

(2) That the Court instruct the Defendants, their employees, agents, and successors in Covington County Office to provide medical care and treatment to inmates/detainees and Plaintiff with standards of medical care that is consistent with the treatment of citizens of the State of Alabama as a whole;

(3) That the Court establish a panel of independent medical experts to regularly evaluate the delivery of medical treatment and care at Covington County Jail and insure the compliance of Defendants and their successors in Covington County Office with the Court's Orders;

(4) That the Court award general damages to the Plaintiff;

(5) That the Court award punitive damages to the Plaintiff;

(6) That the Defendants be required to pay the legal costs and expenses in this action, including reasonable provision for Plaintiff's attorney's fees;

(7) That the Court grant Plaintiff Mulvaney's request for a jury trial; and

**[INTENTIONALLY LEFT BLANK]**

(8) That the Court grant such further and additional relief to the Plaintiff Mulvaney that is appropriate.

Dated: *Sept. 18, 2013*

*[signature]*
Minerva Camarillo Dowben (DOW031,9862A34D)
Attorney for Plaintiff, Trista C. Mulvaney
1123 Alford Ave.
Birmingham, Alabama 35226
Email: mcdowben@gmail.com
Office: 205-769-6155
Fax:     205-460-1374

## SERVICE BY CERTIFIED MAIL