IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TRISTA C. MULVANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:13cv677-MHT |
| | ) | (WO) |
| DENNIS MEEKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Pursuant to 42 U.S.C. §§ 1983 and 1985, plaintiff
Trista C. Mulvaney brought this case contending that
the defendant government officials, county,
correctional officers, and medical providers violated
her rights under the Fourteenth Amendment by their
deliberate indifference to her serious medical needs
while she was in custody in the Covington County Jail.[1]
Subject-matter jurisdiction is proper under 28 U.S.C.
§§ 1331 (federal question) and 1343 (civil rights).

_____

1. She also cites the First, Fourth, Fifth, and
Ninth Amendments in her complaint, although it appears
that only the Fourteenth Amendment is relevant to her
claim.

The case is now before this court on the motion to dismiss (doc. no. 14) filed by Covington County and the individual county commissioners, Bill Godwin, Kenneth Northey, Joe Barton, Harold Elmore, and Carl Turman, and the motion to dismiss (doc. no. 36) filed by defendant Covington County Commissioners.  For the reasons that follow, the motions to dismiss will be granted.


## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  To survive a motion to

dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly,* 550 U.S. at 556).


## II. BACKGROUND

Taking the allegations in the complaint as true, as the court must at this stage, the relevant facts are as follows. On September 13, 2011, plaintiff Mulvaney was taken into custody on a warrant and incarcerated in the

3

Covington County Jail.  Within hours of her arrival at the jail, Mulvaney began "screaming, hallucinating, and acting in such a manner that other detainees asked that Correction Officers provide medical treatment" to her. Complaint (doc. no. 1) at 6-7.  From September 13 until September 18, she refused to eat or drink.  On September 18, while she continued to behave erratically, correctional officers ordered two other inmates to wash Mulvaney, who at that time had dried urine and feces all over her body.  Mulvaney fell from her bed onto the floor and cut her eye and was then was transported to a hospital.  Her eye was sutured at that hospital, but her condition was so severe that she was transferred to another hospital for further treatment. Testing revealed that she was suffering from paracentral disc protrusions and a urinary-tract infection, and had been experiencing a series of seizures.  She was unconscious in the intensive-care unit for three days.

4

Prior to this event, Covington County had entered into an agreement with a private health-care company to provide health care to the inmates at the jail. The County Commissioners agreed to provide funding to the company for health-care services.

### III. DISCUSSION

Mulvaney has sued defendants associated with the County (collectively, the "County defendants"): Covington County itself, the "Covington County Commissioners," as well as the individual members of the Covington County Commission: Commissioners Joe Barton, Harold Elmore, Bill Godwin, Kenneth Northey, and Carl Turman. The individual members are sued in their individual capacities.[2]

_____

2. By "members of the Covington County Commission," the court refers both to the defendant "Covington County Commissioners" and the individual commissioners named in the complaint. The court notes that the complaint is somewhat confusing in this regard: the case style lists "Covington County Commissioners" as a defendant but lists no individual commissioner by name;

5

The County defendants argue that, because the jail is operated by the Sheriff's Department, and because the Sheriff is a state officer under Alabama law, they cannot be held accountable for Mulvaney's injuries. While Alabama counties ordinarily are not liable for injuries stemming from the operation of the county jails, *Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1291 (11th Cir. 1998) (en banc), they do have responsibilities for funding. *See id.*

However, the complaint lacks sufficient facts to give rise to a plausible claim that the County was deliberately indifferent. The complaint contains several conclusory allegations that the County established a "custom or policy of delaying or denying necessary medical treatment in order to avoid liability

---

the body of the complaint, on the other hand, lists the individual commissioners as separate defendants sued in their individual capacities, but does not mention the "Covington County Commissioners" as a whole. The court construes all of these portions of the complaint to have sued each member of the Covington County Commission (and no other person or entity).

for prisoner medical bills and reduce medical costs to the Covington County Jail." Complaint (doc. no. 1) at 56. However, the absence of supporting facts showing that this was an actual policy or practice dooms this claim. Therefore, the County will be dismissed without prejudice.

The defendants argue that the members of the Covington County Commission are absolutely immune because they are being sued for legislative acts, citing *Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998). That case held that county commissioners have absolute immunity in their individual capacities for their budgetary decisions. Since those decisions are the only ones for which the Covington County Commissioners could theoretically be liable in this case, the motions to dismiss will be granted with prejudice as to the members of the Covington County Commission in their individual capacities.

An appropriate judgment will be entered.

DONE, this the 30th day of November, 2020.

                              /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE