**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| TRISta C. MULVANEY,        )<br>                            )<br>    Plaintiff,           )<br>                            )<br>    v.                      )<br>                            )<br>DENNIS MEEKS, et al.,       )<br>                            )<br>    Defendants.             ) | CIVIL ACTION NO.<br>  2:13cv677-MHT<br>       (WO) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. §§ 1983 and 1985, plaintiff Trista C. Mulvaney brought this case contending that the defendant government officials, county, correctional officers, and medical providers violated her rights under the Fourteenth Amendment by their deliberate indifference to her serious medical needs while she was in custody in the Covington County Jail.[1] Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

---

    1. She also cites the First, Fourth, Fifth, and Ninth Amendments in her complaint, although it appears that only the Fourteenth Amendment is relevant to her claim.

The case is now before this court on the motions to dismiss (doc. nos. 11 and 37), filed by defendants Southern Health Partners, Inc., Jeffrey Reasons, and Diane Wilson, for failure to state a claim due to the passage of the statute of limitations. For the reasons that follow, the motions to dismiss will be denied.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

## II. BACKGROUND

Taking the allegations in the complaint as true, as the court must at this stage, the relevant facts are as follows. During the period of time at issue in this case, Covington County had entered into an agreement with defendant Southern Health Partners to provide health care to the inmates at the jail. Defendant

Wilson was a nurse employed by Southern Health Partners at the jail. Defendant Reasons was the Chief Executive Officer of Southern Health Partners. The court will refer to these three defendants as the "medical defendants."[2]

On September 13, 2011, plaintiff Mulvaney was taken into custody on a warrant and incarcerated in the Covington County Jail. Within hours of her arrival at the jail, Mulvaney began "screaming, hallucinating, and acting in such a manner that other detainees asked that Correction Officers provide medical treatment" to her. Complaint (doc. no. 1) at 6-7. From September 13 until September 18, she refused to eat or drink. On September 18, while she continued to behave erratically, correctional officers ordered two other

---

2. Mulvaney also sued an additional individual allegedly involved in providing medical care, Nurse Annette Kane. Nurse Kane has not been served and has not appeared in this case. Therefore, when the court refers to the "medical defendants" in this opinion, Nurse Kane is excluded.

4

inmates to wash Mulvaney, who at that time had dried urine and feces all over her body. During Mulvaney's incarceration in the jail, defendant Wilson "refused to see or treat" her, and did not recommend or order that she be seen by a doctor offsite. Complaint (doc. no. 1) at 8.

At some point, Mulvaney fell from her bed onto the floor and cut her eye and was then was transported to a hospital. Her eye was sutured at that hospital, but her condition was so severe that she was transferred to another hospital for further treatment. Testing revealed that she was suffering from paracentral disc protrusions and a urinary-tract infection, and had been experiencing a series of seizures. She was unconscious in the intensive-care unit for three days.

## III. DISCUSSION

The medical defendants argue that Mulvaney's deliberate-indifference claim is barred by the statute

of limitations. Mulvaney filed this lawsuit on September 19, 2013. The statute of limitations on her § 1983 claim is two years. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).

The defendants argue that the complaint states that Mulvaney was out of custody beginning September 18, 2011, and that the limitations period expired on September 18, 2013, and that she therefore filed suit one day too late. The complaint does not state that Mulvaney was out of custody on September 18th; it does not specify what day or time she was released from custody or left the jail.

Mulvaney admits in her response to the motions to dismiss that she was taken from the jail to the hospital on September 18, 2011. *See* Brief in Opposition to Motions to Dismiss (doc. no. 49) at 3. However, she argues that the statute of limitations should be tolled because she was mentally disabled and unconscious beginning on September 18, and because her

6

cause of action did not accrue until she awoke several days later. She also contends, in her brief, that she was still in the Covington County Jail's legal custody as late as September 27, 2011, when she was released from such custody by the order of a state court judge, and that her claim did not accrue until her release.

"Dismissal ... on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Circ. 2005) (citation omitted). As mentioned above, it is not apparent from the face of the complaint that the limitations period has run.[3] Therefore, the motions to dismiss will be denied. As such, the court need not resolve Mulvaney's arguments that her cause of action did not begin to accrue until days after she was

---

3. Further, "[a] statute of limitations bar is 'an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted).

7

transferred to the hospital, or that the statute of limitations should be tolled.  The defendants are free to re-raise the statute of limitations in an appropriate motion with evidentiary support, at which point the court will address these issues.

\*\*\*

Accordingly, it is ORDERED that defendants Southern Health Partners, Inc., Jeffrey Reasons, and Diane Wilson's motions to dismiss (doc. nos. 11 & 37) are denied.

DONE, this the 30th day of December, 2020.

                                                      <u>    /s/ Myron H. Thompson    </u>
                                                    **UNITED STATES DISTRICT JUDGE**