IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TRISTA C. MULVANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:13cv677-MHT |
| ) | (WO) |
| JEFFREY REASONS, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Pursuant to 42 U.S.C. §§ 1983 and 1985, plaintiff Trista C. Mulvaney brought this case contending that the defendants violated her rights under the Fourteenth Amendment by their deliberate indifference to her serious medical needs while she was in custody in the Covington County Jail.[1] The defendants are the jail's contract medical provider, Southern Health Partners, Inc.; its chief executive officer, Jeffrey Reasons; nurse Diane

---

1. She also cites the First, Fourth, Fifth, and Ninth Amendments in her complaint, although it appears that only the Fourteenth Amendment is relevant to her claim.

Wilson; and correctional officer Stacey Bedsole.[2] Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). The case is now before this court on the motions for summary judgment based on the statute of limitations filed on February 4, 2021. For the reasons that follow, the motions will be granted.

I. SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving

---

2. There is another defendant in this case: Annette Kane. The claims against this defendant are not before the court at this time.

party and draw all reasonable inferences in favor of that party. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.*

## II. BACKGROUND

According to the allegations of the complaint, on September 13, 2011, plaintiff Mulvaney was taken into custody and incarcerated in the Covington County Jail. Within hours of her arrival at the jail, Mulvaney began "screaming, hallucinating, and acting in such a manner that other detainees asked that Correction Officers provide medical treatment" to her. Complaint (doc. no. 1) at 6-7. From September 13 until her release, she refused to eat or drink, continued to behave erratically, did not clean her body, and was covered with urine and feces. She received no medical care during this time.

3

She eventually fell off the top bunk, injuring her eye, and was taken to the hospital. She was unconscious in the intensive-care unit for three days.

The complaint did not clearly plead when she left the jail. The defendants have now submitted evidence that she was released from jail on September 18, 2011.

### III. DISCUSSION

The defendants argue that Mulvaney's deliberate-indifference claim is barred by the statute of limitations. Mulvaney filed this lawsuit on September 19, 2013. The statute of limitations on her § 1983 claim is two years. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).

The defendants have submitted evidence showing that Mulvaney was taken to the hospital on September 18, 2011, and officially released from custody by court order later that same day. Mulvaney has not responded to this evidence.

The court concludes that the limitations period expired on September 18, 2013, and that Mulvaney filed suit one day too late.  Accordingly, the motions for summary judgment must be granted.

***

An appropriate judgment will be entered.

DONE, this the 17th day of March, 2021.

                                    /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**